February 26, 2020

To:    U.S. Magistrate Judge Kathleen Burke
       Two South Main St. Rm. 480
       Akron, Ohio 44308

Re:    *Somai, et al. v. Bedford,* No. 1:19-cv-373, discovery dispute

Dear Judge Burke:

Thank you for inviting this letter explaining Plaintiffs' position in this discovery dispute. The crux of the dispute is Defendant's failure to produce a data set containing information about calls to Bedford police. Pursuant to Loc. R. 37.1, the parties attempted to resolve this extrajudicially without success, and the discovery cutoff is imminent. Plaintiffs requested this conference believing Defendant would not produce the data, but at 10:46 a.m. the day of this filing, Defendant made an unwieldy production that may or may not be fully responsive. Plaintiffs still believe the conference is necessary to compel a complete production and to seek a short extension of the discovery schedule to allow Plaintiffs time to fully examine the document, determine the extent to which it may be responsive, and obtain necessary supplementation.

The data and why Plaintiffs need it

Plaintiffs made legal claims that the Bedford Ordinance has a disparate impact based on race, sex, and disability. It is highly relevant to these claims for Plaintiffs to compare data about the Ordinance's impact on these protected classes with data about a comparator class. The subject of this dispute is the key data set that would inform a disparate impact analysis: a spreadsheet containing the City's police dispatch data across a five-year period.



AMERICAN CIVIL LIBERTIES UNION
FOUNDATION

Ohio

4506 Chester Avenue
Cleveland, OH 44103
P: (614) 586-1959
F: (216) 472-2210

1108 City Park Avenue
Suite 203
Columbus, OH 43206
P: (614) 586-1959
F: (614) 586-1974

acluohio.org
contact@acluohio.org

Hasan Kwame Jeffries
*President*

J. Bennett Guess
*Executive Director*

1

<u>Plaintiffs' attempts to obtain the document</u>

On October 31, 2019, Plaintiffs made a request for production for Bedford's police dispatch logs and associated data for the five-year period for which the City retains these records. Along with this request, Plaintiffs asked to confer so that the parties could obtain exactly what was needed in a useable format and limit any burden on either party. On November 21, the parties conferred to narrow the requested data set and to determine the format in which it could be produced. Plaintiffs requested data for all calls to Bedford police (excluding calls for EMS or fire without police, and calls for traffic offenses) for the five-year period in a text-searchable spreadsheet or native-file format. Plaintiffs also requested information about other data points that the City collects with these calls. Defendant represented that it possessed the requested information and would work to provide it in the necessary format and to provide additional information on available data points.

Through a series of emails and meet and confers from November 26 through January 21, Defendant later represented that it lacked the facility with its own records software to produce the data in the requested format, or even to explain how its records system functions or the range of data it collects. Defendant represented it would instead work with Bedford's third-party records software provider, TAC Computer Public Safety Systems, Inc. ("TAC"), to explain and produce the data. Relying on this, Plaintiffs worked with a team of data specialists and corresponded with Defendant and TAC to understand how Bedford's police dispatch data was collected and how it could be produced. Between January 21 and February 3, Plaintiffs' counsel continued to perform research and made further attempts to obtain the production. On February 3, 2020, TAC abruptly informed both parties it would no longer cooperate, and stopped responding.

Plaintiffs immediately corresponded with and met Defendant's counsel, who represented that the City could not control TAC's unwillingness to finish explaining what data Bedford possesses, but that under its contract with TAC, Defendant would still work with TAC to produce some data. The parties agreed Defendant would work with TAC to obtain a production, and Plaintiffs would simultaneously subpoena TAC to finish explaining its software and ensure it made the right production. Between February 6 and 20, through further correspondence with Defendant, Plaintiffs became increasingly concerned that Defendant would not ultimately produce the data. Plaintiffs issued a subpoena to TAC and requested this conference.[1]

Current status of dispute and simultaneous third-party discovery

Plaintiffs relied for months on Defendant's commitment to produce this data, and attempted to resolve repeated issues collaboratively—only to now be up against the discovery cutoff with a reticent Defendant and an uncooperative third party. This data is within Defendant's control and is the City's responsibility to provide. Plaintiffs are entitled to this critical production in a useable file format, and Defendant repeatedly agreed to produce that. *See In re Porsche Cars North America, Inc. Plastic Coolant Tubes Products Liability Litigation*, 279 F.R.D. 447, 449–50 (S. D. Ohio 2021). Without the data requested, Plaintiffs would be deprived of key evidence to support their discrimination claims. Defendant's eleventh-hour production already appears to be at least partially deficient, and has given rise to other questions. Moreover, TAC is still unresponsive to the subpoena Plaintiffs issued to explain the production. Plaintiffs believe a conference with the Court and a limited discovery extension are necessary to ensure they will ultimately obtain the complete records they are entitled to.

---

[1] Plaintiffs understood the Court's request for 3-page letters to exclude the attachment of exhibits. But Plaintiffs have detailed records of the correspondence and efforts summarized, if the Court desires this.

Respectfully Submitted,

Sara E. Bird (0096545)
Jennifer E. Sheehe (0084249)
The Legal Aid Society of Cleveland
1223 West Sixth Street
Cleveland, Ohio 44113
Ph. (216) 861-5407 – SEB
Ph. (440) 210-4521 – JES
Fax (216) 861-0704
sara.bird@lasclev.org
jsheehe@lasclev.org

**Counsel for Plaintiff Beverley Somai**

/s/ Elizabeth Bonham
Elizabeth Bonham (0093733)
Freda J. Levenson (0045916)
Joseph Mead (0091903)
American Civil Liberties Union
of Ohio Foundation
4506 Chester Avenue
Cleveland, OH 44103
(614) 586-1958
ebonham@acluohio.org
attyjmead@gmail.com
flevenson@acluohio.org

Sandra S. Park (*pro hac vice*)
Linda Morris (*pro hac vice*)
American Civil Liberties Union
Women's Rights Project
125 Broad St. 18th Floor
New York, NY 10004
(212) 519-7871
spark@aclu.org
lindam@aclu.org

**Counsel for all Plaintiffs**

## CERTIFICATE OF SERVICE

I certify that on February 26, 2020, I filed the foregoing electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Elizabeth Bonham

4