IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BEVERLEY SOMAI, *et al.*, | ) | CASE NO. 1:19CV373 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| CITY OF BEDFORD, OHIO, | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION & ORDER** |

On February 20, 2019, Plaintiff Beverley Somai filed a Complaint against Defendant City of Bedford, Ohio ("Bedford"), alleging that Bedford's nuisance ordinance is discriminatory and penalizes Bedford residents who call the police for help. Doc. 2, p. 1, ¶1. The Complaint alleged that the ordinance "is disproportionately enforced against, and disproportionately impacts people in protected classes including women, people of color, and people with disabilities." Id. According to the Complaint, when a Bedford resident calls the police for help two times, a notice is sent to the owner of the property to which the police are called threatening the owner with fines or criminal prosecution if the nuisance is not abated. In the case of a rental property, the Complaint alleged, this results in pressure on the landlord to evict the tenant. Id., pp. 1-2, ¶2. The Complaint alleged claims under the federal Fair Housing Act ("FHA") (Count 4) and the Ohio Fair Housing Act (Count 5) based on race and sex discrimination as well as constitutional claims (Counts 1 through 3).

Somai alleged that she is a "Woman of Color and resident of Bedford." Id., p. 4, ¶19. She also alleged that her son has a disability (Id., p. 4, ¶19); that Bedford uses the nuisance ordinance against residents who call the police for help due to mental health emergencies and to

1

harass a group home for children with disabilities (Id., p. 13, ¶59(a-c), ¶60); and that Bedford's actions target and disparately impacts members of protected classes, including "race, sex, and disability" (Id., p. 14, ¶62). However, Somai did not allege a claim under the FHA based on disability discrimination or a claim under the Americans with Disabilities Act ("ADA").

On April 18, 2019, Plaintiff filed a First Amended Complaint ("FAC") as of right, adding a second Plaintiff, the Fair Housing Center for Rights & Research. Doc. 8. The FAC contains additional allegations, including more specific facts regarding Bedford's actions against the group home for children with disabilities. Doc. 8, p. 16, ¶75(c). The FAC did not contain new legal claims.

The Court set a deadline of September 6, 2109, to amend the pleadings. Doc. 26, p. 2. On January 30, 2020, Plaintiffs filed an untimely Motion for Leave to file a Second Amended Complaint ("SAC") (hereinafter, "Motion"). Doc. 40. Plaintiffs assert that the proposed SAC "includes additional factual allegations that came to light after the initial pleadings and First Amended Complaint were filed … and includes two additional legal claims based on the newly-uncovered evidence from Defendant's discovery responses and records." Doc. 40, p. 2. The new claims are an amendment to Plaintiffs' FHA claim (Count 4) to include discrimination "on the basis of disability"; and the addition of an entirely new statutory claim, an alleged violation of the Americans with Disabilities Act of 1990 ("ADA") (proposed Count Six). Doc. 40, p. 2.

Bedford opposes Plaintiffs' Motion, arguing that Plaintiffs have had notice of the facts that underlie their proposed new claims from the inception of this litigation, their request for leave to amend is untimely, the amendment would be prejudicial to Bedford, and Plaintiffs lack standing to bring their proposed ADA claim. Doc. 41, p. 1. Plaintiffs filed a reply. Doc. 42-1. For the reasons stated below, Plaintiffs' Motion for leave to file a SAC is GRANTED in part and

2

DENIED in part.

I.

Federal Rule of Civil Procedure 15(a)(2) provides that a party's motion for leave to file an amended complaint should be freely granted when justice so requires. However, a court appropriately denies a party's leave to amend under a number of circumstances, including bad faith, undue delay, dilatory motives, undue prejudice to the opposing party, repeated failure to cure deficiencies in prior amendments, and futility. *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013)[1] (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

When a court scheduling order deadline for amending pleadings has passed, a party must first show "good cause" under Rule 16(b) for failing to seek leave to amend earlier, and the court must evaluate prejudice to the nonmoving party before considering whether leave to amend is proper under Rule 15(a). *Bare v. Fed. Express Corp.*, 886 F. Supp.2d 600, 605-606 (N.D.Ohio 2012); *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). "In order to demonstrate good cause, the plaintiff must show that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment." *Ross v. Am. Red Cross*, 567 Fed App'x 296, 306 (6th Cir. 2014) (citing *Leary*, 349 F.3d at 906). "A plaintiff does not establish 'good cause' … where she was aware of the facts underlying the proposed amendment to her pleading but failed, without explanation, to move to amend the complaint before the deadline." *Id*. (citing *Leary*, 349 F.3d at 908).

II.

It is undisputed that Plaintiffs' Motion is untimely. The deadline to request leave to amend the pleadings was September 6, 2019, and Plaintiffs filed their motion almost five months

---

[1] Abrogated on other grounds by *Obduskey v. McCarthy & Holthus LLP*, --U.S.--, 139 S.Ct. 1029 (2019).

later, on January 30, 2020. Thus, Plaintiffs must show "good cause" under Rule 16(b) for their failure to seek leave to amend earlier and that Bedford would not be prejudiced. *Bare*, 886 F. Supp.2d at 605-606; *Leary*, 349 F.3d at 906.

Plaintiffs allege that the SAC "includes additional factual allegations that came to light after the initial pleadings and First Amended Complaint were filed" and are "based on the newly-uncovered evidence from Defendant's discovery responses and records …. which were not available to Plaintiffs prior to discovery." Doc. 40, p. 2. Plaintiffs do not state when they received Bedford's discovery responses and records alerting them to this allegedly new information. They describe the new information as "Bedford's records and discovery responses" that "revealed frequent and targeted enforcement of its Ordinance against residents seeking assistance for mental health crises and against group homes for individuals with disabilities." Doc. 40, p. 2.

Bedford contends that both of Plaintiffs' previous complaints "included a number of allegations that Bedford discriminated against, discriminately enforced the ordinance against, and targeted people with disabilities." Doc. 41, p. 5. Bedford also points out that both prior complaints included allegations regarding a group home for children with disabilities. Doc. 41, p. 5.

The Court agrees that both of Plaintiffs' prior complaints included numerous allegations describing how Bedford's enforcement of the ordinance affects residents with disabilities. Specifically, both prior complaints included allegations that Bedford enforced the ordinance against a group home for children with disabilities and cited two examples of Bedford enforcing the ordinance against a property or resident based on calls to Bedford for mental health-related assistance. Doc. 2, p. 13, ¶59; Doc. 8, p. 16, ¶75. While the proposed SAC includes allegations

4

describing Bedford enforcing the ordinance against an additional group home and three more instances involving Bedford enforcing the ordinance against a property or resident based on calls made for mental health-related assistance (Doc. 40-1, pp. 16-17, ¶75), the new allegations and "newly discovered" evidence on which the allegations are based is cumulative of what Plaintiffs already knew when they filed their Complaint about a year ago and their FAC more than four months ago. Thus, Plaintiffs have not established good cause pursuant to Rule 16. *See Ross*, 567 Fed. App'x at 306 ("A plaintiff does not establish 'good cause' … where she was aware of the facts underlying the proposed amendment to her pleading but failed, without explanation, to move to amend the complaint before the deadline[,]" citing *Leary*, 349 F.3d at 906).

As for prejudice, Plaintiffs submit that Bedford would not be prejudiced if they were granted leave to file a SAC because no additional discovery will be required.[2] Doc. 40, pp. 2-3. Defendant disagrees, asserting that it would be prejudiced because, if Plaintiffs is permitted to file the SAC, it will need to conduct further discovery, including taking depositions, to determine whether Plaintiffs have standing to assert the ADA claim. Doc. 41, pp. 4, 8. Defendant has not described how it would be prejudiced by permitting Plaintiffs to add "disability" to the allegations regarding the FHA claim. It appears that no new discovery would be necessary regarding that claim.

The Court finds that Plaintiffs have not shown good cause under Rule 16(b) for failing to seek leave to amend earlier to add an ADA claim and that Defendant would be prejudiced by permitting Plaintiffs to add such a claim. Accordingly, Plaintiffs' motion for leave to file a SAC is DENIED as to the proposed ADA claim. On the other hand, although Plaintiffs have not

---

[2] The parties previously requested, and the Court granted, two extensions of the discovery deadline. Doc. 33, 48. The extensions were due to the difficulty generating Defendant's police call logs, which are kept by a third-party software company. The current fact discovery deadline is March 20.

5

shown good cause for failing to seek leave to amend earlier to add "disability" to their existing FHA claim, Defendant will not be prejudiced by the late addition of that allegation since the prior complaints included repeated references to persons with disabilities sufficient to put it on notice that Plaintiffs were alleging a violation under the FHA due to a disability. Accordingly, Plaintiffs' motion for leave to file a SAC is GRANTED as to the allegations in their proposed amended FHA claim.

## III.

For the reasons stated above, the Court GRANTS Plaintiffs' Motion (Doc. 40) to the extent they seek leave to add an allegation of discrimination on the basis of disability to their FHA claim. The Court DENIES Plaintiffs' Motion to the extent they seek leave to add a claim under the ADA.

IT IS SO ORDERED.

Dated: March 13, 2020

*/s/ Kathleen B. Burke*
Kathleen B. Burke
United States Magistrate Judge