UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Beverley Somai, and the Fair Housing Center for Rights & Research,** | |
| Plaintiffs, | Civil Action No.: 1:19-cv-373 |
| v. | |
| **City of Bedford, Ohio**, | Judge: Kathleen B. Burke |
| Defendant. | |

# SETTLEMENT AGREEMENT

This Settlement Agreement is entered into by all Parties (Beverley Somai and the Fair Housing Center for Rights & Research, the Plaintiffs, and the City of Bedford, Ohio, the Defendant, together, the Parties) for the purposes of compromising the disputed claims and avoiding the expenses and risks of further litigation. The Parties agree this controversy should be resolved without further proceedings.

INTRODUCTION

The Parties agree that the City of Bedford has the following legitimate government interests:

1.     The City has an interest in controlling non-traffic criminal behavior that repeatedly disturbs the community and that is not being effectively addressed through existing laws;

2.     The City has an interest in creating harmony and safety between its neighbors; and

3.     The City has an interest in encouraging its residents to use a collaborative, non-punitive dispute resolution process to create lasting, satisfying justice out of conflict.

The Parties agree that Bedford Ordinance 511.12, the Criminal Activity Nuisance Ordinance (CANO) does not achieve these legitimate interests.

The Plaintiffs' Complaint raised concerns that the CANO violated their rights under the First, Fifth, and Fourteenth Amendments to the U.S. Constitution and under the state and federal Fair Housing Acts.

AGREEMENT

The Parties agree to the following terms:

Non-monetary terms

1.     **Repeal**. Bedford agrees to repeal its CANO (attached as Exhibit A and incorporated by reference into this Agreement) in its entirety within 30 days of the date this Agreement is executed.

2.     **Prohibition against reenactment.**

a.     Bedford agrees that it will not reenact the same ordinance or any prior or altered version of it, or enact any law or policy that makes any Bedford resident's housing security contingent on any alleged criminal behavior or criminal activity, or enact any law or policy that penalizes any resident, tenant, or landlord as a result of requests for police or emergency assistance, the truthful use of the 911 system, or for otherwise asking for police or government help.

b.     Bedford further agrees that in the future, if its legislative body seeks to enact an ordinance that in any way regulates the subject matter at issue in the CANO, or that otherwise penalizes non-traffic criminal behavior through means outside of the criminal justice system, that the City will provide written notice to the Legal Director of the American Civil Liberties Union of Ohio, at least 30 days prior to the introduction of any such ordinance.

3.     **Training, publication, and other injunctive relief.**

a.     Bedford will publish Notice of Repeal of the CANO (attached as Exhibit B) in the Cleveland Plain Dealer and in the Cleveland Legal News, will change its website and social media pages to add an affirmative statement that the CANO has been repealed and no longer applies, and will maintain that notice on the city webpage for a period of one year. The Notice of Repeal will be published in the above-referenced forums no later than 30 days after the repeal of the CANO.

b.     Bedford will work with Plaintiff the Fair Housing Center to undertake the following education measures: a social media, television, and radio advertising campaign to educate the community about fair housing including the fact of the CANO repeal; training to Bedford's City Council, City Manager, Law Director, Prosecutor, and Police Chief on the city's Fair Housing obligations and how to affirmatively further fair housing; and training for Bedford's housing providers and housing consumers regarding fair housing and the effect of the repeal. The Fair Housing Center will work with Bedford to develop, promote, and conduct these measures. The Fair Housing Center's training costs are to be paid from the proceeds of its settlement amount with no additional costs to Bedford. The training contemplated in this Section will include three (3) hours of training for Bedford's City Council, City Manager, Law Director, Prosecutor, and Police Chief. The training contemplated in this section will include up to two-and-a-half (2.5) hours of training each for Bedford's housing providers and consumers. These measures must be undertaken within six months of the date of this Agreement.

c. Bedford will work with community partners such as Disability Rights Ohio, National Alliance on Mental Illness, Domestic Violence & Child Advocacy Center, Buckeye Region Anti-Violence Organization, and the Services for Independent Living to undertake the following education measures: training to Bedford's City Council, City Manager, Law Director, Prosecutor, and Police Chief on domestic violence and legal protections for domestic violence victims and other victims of crime; disability and legal protections for persons with disabilities; anti-bias training towards victims of domestic violence, people with disabilities, and members of other historically marginalized groups; and appropriate police responses to and protocols for incidents involving domestic violence victims and persons with disabilities. Bedford will determine the dates and other details of these training measures, and will provide the ACLU of Ohio with the training materials and agendas 20 days advance and consider any feedback the ACLU of Ohio provides. The training contemplated in this section will encompass three (3) hours of training each for Bedford's City Council, City Manager, Law Director, Prosecutor, and Police Chief. These measures must be undertaken within one year of the date of this Agreement.

d. Bedford agrees to update the ACLU of Ohio in writing when it has met its obligations under 3(a), (b) and (c) of this Agreement, within 30 days of meeting each obligation.

e. The Parties agree to collaborate on a joint press release describing the Agreement, approved by counsel for both Parties.

4. **Subsequent ordinances.**

If Bedford decides at some future point to devise an alternative process for addressing repeated low-level criminal misconduct in the City using restorative justice rather than criminal or civil penalties Bedford agrees to work with the ACLU of Ohio in this process.

Bedford understands that feedback from the ACLU of Ohio on any subsequent law or policy is not an assurance of any future action or inaction on the ACLU's part, should the City's enactment or enforcement of these subsequent laws or policies raise additional legal issues.

Damages, fees, and costs

Bedford agrees to pay $350,000 in damages, fees, and costs, checks to be issued within 45 days of the date of this Agreement, divided as follows:

$60,000 payable to Beverley Somai; $43,659.94 payable to the Fair Housing Center for Rights & Research; $102,778.26 payable to the ACLU Women's Rights Project; $71,424.05 to the ACLU of Ohio Foundation; and $72,137.75 to the Legal Aid Society of Cleveland.

Dismissal

The Parties agree to file a joint stipulation seeking the entry of an order retaining federal court jurisdiction over the settlement for three years (attached as Exhibit C). The Parties further agree to file a joint stipulation of dismissal within 7 days of the repeal of the CANO and the full payment of damages and fees, whichever occurs later.

Release of claims

The Parties mutually release and forever discharge one another from any further litigation arising from the same circumstances described in the Second Amended Complaint (attached as Exhibit D and incorporated fully herein).

Miscellaneous

**Entire agreement.** This Settlement Agreement is the entire agreement between the Parties with regard to the matters described herein and shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors, and assigns of each Party. There are no other understandings or agreements, oral or otherwise in retaliation thereto, between the Parties.

**Severability**. If any provision of this Settlement Agreement or the application thereof is adjudicated to be void, invalid, or unenforceable, such action shall not make the entire Agreement void, but rather only that provision. All remaining provisions shall remain in full force and effect.

To the extent anything in this Agreement conflicts with state, local, or federal law, that law is controlling and the conflicting Agreement provision is severable.

**Forum**. Any action to enforce any provision of this Agreement must be brought before Judge Burke in the Northern District of Ohio.

**Public record**. This Agreement may be made public in its entirety, and expressly consent to this release and disclosure. No document associated with the litigation is non-public except those documents previously agreed by the Parties to be confidential.

**Survival**. All representations, warranties, covenants, and agreements made herein shall be continuing, shall be considered to have been relied upon by the parties, and shall survive the execution, delivery, and performance of this Settlement Agreement.

**Successors and assigns**. The rights and obligations set forth in this Settlement Agreement shall be binding on the parties and their successors and assigns.

**Non-Defamation**. Beverley Somai, the Fair Housing Center for Rights and Research, and their attorneys (the American Civil Liberties Union, the ACLU of Ohio, and the Legal Aid Society of Cleveland) knowingly and willingly agree to not defame Defendant and its attorneys.  The City and its attorneys (Smith Marshall LLP), on behalf of themselves and their officials and agents, knowingly and willingly agree to not defame Plaintiffs and their attorneys.

**Executed separately.** The Parties contemplate this Agreement may be executed in separate counterparts and all counterparts and signature pages together are one document.

SIGNATURES

/s/ Elizabeth Bonham
Elizabeth Bonham (0093733)
Freda J. Levenson (0045916)
Joseph Mead (0091903)
American Civil Liberties Union
of Ohio Foundation
4506 Chester Avenue
Cleveland, OH 44103
(614) 586-1958
ebonham@acluohio.org
attyjmead@gmail.com
flevenson@acluohio.org

Sandra S. Park (pro hac vice)
Linda Morris (pro hac vice)
American Civil Liberties Union
Women's Rights Project
125 Broad St. 18th Floor
New York, NY 10004
(212) 519-7871
spark@aclu.org
lindam@aclu.org
**Counsel for all Plaintiffs**


Sara E. Bird (0096545)
Jennifer E. Sheehe (0084249)
The Legal Aid Society of Cleveland
1223 West Sixth Street
Cleveland, Ohio 44113
Ph. (216) 861-5407 – SEB
Ph. (440) 210-4521 – JES
Fax (216) 861-0704
sara.bird@lasclev.org
jsheehe@lasclev.org
**Counsel for Plaintiff Beverley Somai**

5

*/s/ Kallen L. Boyer*
R. Eric Smearman (0062132)
Kallen L. Boyer (0093608)
Smith Marshall, LLP
7251 Engle Road, Suite #404
Middleburg Heights, Ohio 44130
(440) 243-4994 f: (440) 243-6598
res@smithmarshall.com
kld@smithmarshall.com

***Attorneys for Defendant City of Bedford***